AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Tavarus Tywane Drone<br><br>*Defendant(s)* | Case No.<br>2:26-MJ-00023-BR-1 |

*U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF TEXAS*
**FILED**
FEB - 2 2026
CLERK, U.S. DISTRICT COURT
By_____
*Deputy*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 30, 2026** in the county of **Randall** in the **Northern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii) | Possession with Intent to Distribute 50 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:
See attached affidavit in support of complaint.

☑ Continued on the attached sheet.

Approved:
s/ Jeffrey R. Haag
Asst. U.S. Attorney

*R. Mincher*
*Complainant's signature*

Randy Mincher, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this **2nd** day of **February**, 2026.

Date: 02/02/2026

*Lee Ann Reno*
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## Affidavit in Support of Complaint

Cause Number 2:26-MJ-00023-BR-1

I, Randy Mincher, being duly sworn under oath, do hereby depose and state:

1. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), and I have been so employed since January 2025. I have been employed as a Police Officer with the City of Amarillo since 2005. As part of my duties as a Task Force Officer I investigate criminal violations related to narcotics trafficking and illegal drug smuggling. I have been involved in hundreds of investigations of illegal contraband and have specialized training and knowledge in investigating the illicit smuggling, transportation, and trafficking of narcotics in violation of Title 21, United States Code, Section 841 (a)(1). I also have specialized training and knowledge in investigating the illicit proceeds of narcotic smuggling and trafficking in violation of Title 18, United States Code, Section 1956 (a)(1).

2. On January 30, 2026, members of the Amarillo Police Department (APD) SWAT Team were searching for Tavarus Tywane DRONE, who had arrest warrants issued out of Potter County, Texas, for aggravated assault, deadly conduct, and unlawful possession of a weapon. Officers located a vehicle DRONE was known to drive. Officers maintained surveillance of the vehicle and observed it pull into the driveway of 3107 S. Nelson Street, Amarillo, Texas. DRONE was observed getting out of the driver's seat of the vehicle.

3. DRONE was taken into custody for his outstanding arrest warrants and searched incident to arrest. An APD officer located a clear plastic baggie containing a green leafy substance suspected to be marijuana weighing approximately 32.16 gross grams in one of DRONE's pockets. In another pocket, the officer found $5,702 in U.S. Currency. Officers conducted a probable cause search of the vehicle DRONE was driving. DRONE was the sole occupant of the vehicle at the time of his arrest. During the search of the vehicle, another APD officer found a backpack lying on the front passenger's floorboard. Inside of the backpack, the officer found a gray plastic grocery bag that contained an off-white crystalline substance that the officer believed to be methamphetamine. The bag of suspected methamphetamine had a weight of 320.86 gross grams and field tested positive for the presence of methamphetamine. Also in the backpack was a blue plastic baggie containing a white powder suspected to be cocaine later found to be 30.5 gross grams. The officer found a digital scale, commonly utilized in the weighing of narcotics, also in the backpack. Myself and another FBI TFO were called to assist with the investigation. From my training and experience, I know the amount of methamphetamine found in DRONE's possession is consistent only distribution, not someone's personal use.

4. Following DRONE's arrest, DRONE was transported to the Amarillo Police Department to be interviewed by myself and the other FBI TFO. DRONE waived his rights and agreed to speak with investigators. DRONE admitted to possession of the narcotics in the vehicle. DRONE admitted to being a drug dealer, explaining he was a

middleman who was directed to make a delivery. DRONE admitted he had been involved in the distribution of marijuana, cocaine, and methamphetamine.

5.  While DRONE was being interviewed, a search warrant was obtained for the cellphone found in DRONE's possession at the time of his arrest. During a search of DRONE's cellphone, evidence was found that confirmed he was involved in the distribution of narcotics.

6.  Based upon the foregoing, there is probable cause to believe that Tavarus Tywane DRONE did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

_R. Mincher_
Randy Mincher
Task Force Officer
Federal Bureau of Investigation

2nd Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 on the ___ day of February, 2026.

_Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*s/ Jeffrey R. Haag*
Jeffrey R. Haag
Assistant United States Attorney